**FILED & ENTERED**

OCT 1 0 2007

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                        :

LUIS RAMIREZ FERNANDEZ
                                        :    CASE NO. 05-09792

        DEBTOR                          :    CHAPTER  13

--------------------------------

### OPINION AND ORDER

Pending before the court is Chapter 7 Trustee's Application for Allowance of Compensation in a case converted to Chapter 13 of the U.S. Bankruptcy Code. The Trustee seeks compensation for services rendered to the estate before the case was converted, even though no distribution was made. For reasons that follow, we award the Trustee $500.00 for his services to the estate.

On September 30, 2005, Debtor filed for bankruptcy protection under Chapter 7. The Trustee discovered Debtor had an undivided interest of 66%, rather than the scheduled 50%, in his residence. About one year later, Debtor requested a conversion of the case to Chapter 13. The Trustee opposed this request.

During the hearing held to consider the matter, Trustee withdrew his opposition, announcing his intention to seek compensation for services rendered while the case was under Chapter 7.



Upon conversion, the Trustee filed an application for payment of his services in the amount of $1,100.00, based on a *quantum meruit*. Debtor opposed the application claiming: 1) the Trustee did not distribute funds; 2) the liquidation value of the estate was zero under Chapter 7, and still is zero under Chapter

13; and, 3) there would be an interest for the benefit of the estate, only if realty was valued at $180,000, or more.  Two appraisal reports filed by Debtor, unopposed by the Trustee, valued the realty between $146,000 to $150,000.  Thus, the Debtor argued, the doctrine of *quantum meruit* does not apply to the facts at hand.

We ordered the U. S. Trustee to express her position. She did not oppose the Trustee's request, stating: 1) Trustee performed substantial services that resulted in discovery of assets for the benefit of creditors; 2) the lack of marshaling of assets was due to the conversion of the case to Chapter 13 of the Code; and, 3) request for compensation was reasonable.

In a case originally filed under Chapter 7 and later converted to Chapter 13, a Chapter 7 Trustee "may be compensated on a *quantum meruit* basis when the trustee 'performs substantial services that result in discovery of assets for the benefit of creditor'". *In re Bluewater Palmas, LTD,* 2006 WL 3909925 *4 (Bankr. D.P.R.) (Citations omitted).  "When one considers an award on equitable principles and based upon *quantum meruit,* one must obviously consider the nature and extent of the services rendered by the trustee." *In the matter of Pray*, 37 B.R. 27,30 (Bankr. M.D. Florida 1983).  "[T]he burden is on the trustee to establish entitlement to the fee through a detailed description of the services provided.  The application should demonstrate a nexus between the trustee's efforts and the uncovering of assets." *In re Moore*, 235 B.R. 414, 417 (Bankr. W.D. Ky. 1999).

2

Finally, the trustee is entitled to compensation based on the reasonable value of the actual and necessary services rendered. *Id.*

When deciding whether to award compensation to a Chapter 7 Trustee for services rendered in discovering assets prior to a conversion to Chapter 13, we must be mindful of two things. First, not to encourage debtors to intentionally conceal assets, and to encourage trustees' diligent discovery of assets. Second, not to encourage trustees' oppositions to conversions to Chapter 13, in order to collect from the liquidation and distribution of assets to creditors. *Id.* Hence, fees should be awarded on a case by case basis.

A review of the invoice submitted by Trustee shows that fees requested fall into four broad categories: 1) for uncovering assets for the benefit of creditors, $620.00; 2) for opposing Debtor's motion to convert, $340.00; 3) for opposing Debtor's objection to the employment of realtor, $100.00; and, 4) for preparing motions requesting entry of default and judgment by default, $40.00.



The Trustee answers Debtor's objection concerning the zero liquidation value of the asset uncovered, averring that his intention to sell this asset caused the Debtor to convert this case to Chapter 13. Hence, his actions produced a benefit to the estate. We disagree, as the Trustee should abandon an asset that would not produce benefit for the estate. Trustee further claims his greatest contribution was the discovery of assets for the

3

benefit of creditors. We agree, finding two hours worth $400.00, is reasonable compensation for Trustee's services in uncovering this asset. Two hours is ample time for a Trustee to locate and review Debtor's late wife's will, calculate the usufruct due to the surviving spouse, and preparing a memo for the record.

Trustee requests $340.00 for opposing Debtor's motion to convert case to Chapter 13, but he did not explain how the opposition benefitted creditors. We also note he withdrew his opposition in open court at the hearing scheduled to consider the matter. Thus, we deny compensation for this matter.

Finally, there is no entry of a request for judgment by default on record. The Trustee did no explain this matter any further. Hence, we deny the $40.00 requested.

Wherefore, we award $500.00 in compensation for Trustee's services rendered while this case was under Chapter 7 of the Code.

**SO ORDERED**, in San Juan, Puerto Rico, on October 10, 2007

SARA DE JESUS
U.S. Bankruptcy Judge

4